# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DONALD Z. HAWTHORNE,** ) | Case No.  1:07 CV 30 |
| ) | 1:04 CR 271 |
| Petitioner, ) | |
| ) | |
| vs. ) | Judge Dan Aaron Polster |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

*Pro Se* Petitioner Donald Z. Hawthorne challenges the constitutionality of his sentence.[1] Such a challenge is deemed a petition for habeas corpus relief brought by a federal prisoner under 28 U.S.C. § 2255. For the following reason, the § 2255 petition is **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**I.**

On September 24, 2004, Donald Z. Hawthorne pled guilty to three counts of violating the federal counterfeit securities laws.[2] *See Case No. 1:04CR271, non-document order*

---

[1] In the opening paragraph of the petition, Hawthorne asserts that the sentencing court did not have jurisdiction to enhance his sentence and that the sentence is unconstitutional because none of the enhancement provisions were charged in the indictment or put before a jury to be determined beyond a reasonable doubt. *ECF No. 1*, at 1.

[2] Specifically, Hawthorne pled guilty to one count of manufacturing, possessing and distributing counterfeit securities in violation of 18 U.S.C. § 513(a); one count of possession of implements to make counterfeit securities in violation of 18 U.S.C. § 513(b); and one count of

*of 9/24/2004*.  On October 22, 2004, in exchange for dismissal of five of the eight counts charged against him, Hawthorne entered a plea agreement with the Government.  *Id., ECF No. 86* ("Plea Agreement").  The Plea Agreement expresses Hawthorne's understanding that:

> he may, but does not necessarily possess a constitutional right to have certain factors under the U.S. Sentencing Guidelines included in a grand jury indictment and decided by a jury under a proof beyond a reasonable doubt standard. Defendant knowingly, intelligent and voluntarily waives any right he may possess to have such factors alleged in an indictment and determined by a jury. Defendant understands that, by virtue of this waiver, his sentence, and the existence of factors which may increase or affect his sentence, may be decided by the District Court, without a jury.  Defendant understands that the District Court may rely upon stipulations in this plea agreement as well as any other reliable evidence, including hearsay, in making those determinations and in imposing sentence.  Defendant understands that he will be sentenced under the U.S. Sentencing Guidelines and waives any constitutional challenge to those Guidelines and/or to the imposition of sentence under the Guidelines.

*Id*. at 2-3.  Hawthorne also stipulated that his base offense level was 6, that he should receive a two-level increase because his conspiracy involved more than 10 victims, and that he should receive a four-level increase because of his role in the offense.  *Plea Agreement* at 10-11.  Here, Hawthorne only disagreed with the method used by the Government to calculate the "intended loss amount."  *Id*.  Hawthorne took the position that only losses from counterfeit checks actually negotiated should be considered when calculating the applicable offense level under the Sentencing Guidelines ($47,884.80), and the Government took the position that the intended loss amount should include the face amount of the counterfeit checks that were printed and prepared for negotiation by Hawthorne and seized by the Secret Service prior to being negotiated

---

conspiring to manufacture, possess or distribute counterfeit securities in violation of 18 U.S.C. § 371.  *ECF No. 98*.

($284,886.95).  *Id.* at 11-12.  Hawthorne otherwise agreed with "all other adjustments."  *Id.* at 12.

On December 14, 2004, Hawthorne was sentenced to 57 months of imprisonment on each of the three counts, to run concurrently.  *Case No. 1:04 CR 271, ECF No. 98*.  Hawthorne did not file a direct appeal.

On December 28, 2005, however, Hawthorne filed the instant petition in his criminal case, No. 1:04 CR 271-001.  *See Case No. 1:05 CV 2890, ECF No. 1*.  Specifically, Hawthorne challenges the two-level sentence enhancement that the sentencing judge imposed for victimizing more than 10 people, the four offense-level enhancement the judge imposed for Hawthorne's role in the offense, and the twelve-level enhancement the judge imposed because he concluded that the intended loss amount was over $200,000.  Although the petition in fact challenges the validity of Hawthorne's sentence under § 2255, he also filed a civil cover sheet stating that he was bringing the action under 28 U.S.C. § 2241, the statute for challenging the execution of one's sentence.[3]  Unlike § 2255 petitions, which must be filed in the district in which one is sentenced, § 2241 actions must be filed in the district in which the prisoner is being housed.[4]  Apparently taking Hawthorne's word at face value, the Clerk of Court categorized this

---

[3]Title 28 United States Code §§ 2241 and 2255 each create a mechanism that permits a federal prisoner to challenge his detention.  A § 2255 petition is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence.  *Allen v. White*, 185 Fed. Appx. 487, 490 (6th Cir. 2006).  A § 2241 petition permits a prisoner to challenge the manner in which his sentence is being executed (e.g., the administration of his parole, the computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed).  *Curtis v. U.S*., 123 Fed. Appx. 179, 185 (6th Cir. 2005).  A federal prisoner can only attack the validity of his conviction or sentence using § 2241 when § 2255 is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  Hawthorne has made no such showing.

[4]Compare *Charles v. Chandler*, 116 F.3d 560, (6th Cir. 1990) (holding that a prisoner seeking to challenge the constitutionality of his sentence or conviction must file a § 2255 habeas

case as a § 2241 petition and assigned the case by random lottery to District Judge Patricia A. Gaughan.  Because Hawthorne was being confined at FCI Gilmer (which is located in Glenville, Gilmer County, West Virginia), Judge Gaughan issued an order transferring the case to the United States District Court for the Northern District of West Virginia.  *Id., ECF No. 3*.

After the case was transferred to West Virginia, it was assigned to United States Magistrate Judge John S. Kaull for initial screening and preparation of a report and recommendation ("R & R").  *Case No. 1:06 CV 38-IMK-JSK*.  After reviewing the petition, Magistrate Judge Kaull concluded that it was in fact a § 2255 petition because it attacked the validity of Hawthorne's sentence, and recommended that the District Judge (here, Irene M. Keeley) transfer the case back to the Northern District of Ohio for habeas review.  *Id., ECF No. 15*.  The R & R expressly warned that failure to object to the R & R in 10 days would result in the waiver of any appellate rights on this issue.  Despite the lapse of three weeks, Hawthorne failed to file objections.  *Id*.  Accordingly, District Judge Keeley adopted the R & R and directed the Clerk of Court to transfer the case back to the Northern District of Ohio to take any action deemed appropriate to re-characterize this case as a § 2255 petition.  *Id., ECF No. 16*.

Upon arrival, the case was assigned to me.[5]  As a preliminary matter, I find that, despite the length of time this case has been muddling through the federal court system, Hawthorne's § 2255 petition was timely when filed.  The district court sentenced Hawthorne to three concurrent prison terms of 57 months on December 14, 2004, the same day the Judgment

---

petition in the sentencing court) with *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (holding that a prisoner seeking to challenge the manner in which his sentence is executed must file a § 2241 petition in the district court having jurisdiction over his custodian).

[5]Hawthorne had been sentenced in 2004 by my colleague, District Judge John M. Manos, who passed away in July 2006.

and Commitment Order was entered. *Case No. 1:04 CR 271, ECF No. 98*. Hawthorne did not file a direct appeal; therefore, the judgment of conviction became final when the time for filing his direct appeal expired which, for federal prisoners, is ten days after the written judgment of conviction. *Brown v. United States*, 20 Fed. Appx. 373, 374 (6th Cir. 2001) (citations omitted). Hawthorne had until December 28, 2004 to file his direct appeal. Because he filed his § 2255 petition exactly one year after the judgment of conviction became final, it is timely.

**II.**

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id*. To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of

5

> time fixed by the court or to take such other action as the judge deems appropriate.

*Id*. The Court has promptly examined the § 2255 Petition and the case law and finds that it plainly appears from the face of the Petition that Hawthorne is not entitled to relief in the district court for the following reasons.

Hawthorne claims that judicial fact-finding in sentencing determinations violates the Sixth Amendment, as articulated in *United States v. Booker*, 125 S.Ct. 738 (2005)*; Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Jones v. United States*, 526 U.S. 227 (1999). Therefore, his Sixth Amendment right was violated when the sentencing judge applied the various enhancements to his sentence based on his findings. Such a challenge is now commonly referred to as a *Booker* challenge which, the Sixth Circuit has held, does not apply retroactively to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). Additionally, Hawthorne waived his right to appeal his sentence, stipulated to two of the three enhancements, and explicitly acknowledged that the Guidelines would govern his sentence.[6] The Sixth Circuit has held that such is sufficient to waive any *Booker* challenge. *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005). Finally, the Sixth Circuit has held that *Booker* did not eliminate judicial fact-finding. *See, e.g., United States v. Stone*, 432 F.3d 651, 654-66 (6th Cir. 2005).

---

[6] As noted above, Hawthorne understood that he may possess a constitutional right to have certain factors under the U.S. Sentencing Guidelines included in an indictment and decided by a jury beyond a reasonable doubt, but stated that he "knowingly, intelligently and voluntarily waives any right he may possess to have such factors alleged in an indictment and determined by a jury."

**III.**

In short, based on the undisputed facts and the foregoing case law, the Court concludes that no further briefing is necessary and summarily **DISMISSES**, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the instant § 2255 petition.

**IT IS SO ORDERED.**

<u>/s/Dan A. Polster     January 16, 2007</u>
**Dan Aaron Polster**
**United States District Judge**